**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 08 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZUBERI SEEL STEEL,

Defendant - Appellant.

No. 12-10038

D.C. No. 4:11-CR-00149-PJH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 16, 2012
San Francisco, California

Before: B. FLETCHER[**], D.W. NELSON, and MURGUIA, Circuit Judges.

Zuberi Seel Steel appeals the denial of a motion to suppress evidence of a

firearm he was charged with possessing. This Court reviews de novo a district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

court's denial of a motion to suppress, and reviews the district court's factual findings underlying the denial of the motion for clear error. *United States v. Shetler*, 665 F.3d 1150, 1156 (9th Cir. 2011). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in finding that reasonable suspicion existed to warrant a *Terry* stop. A police officer may conduct an investigatory stop, or *Terry* stop, to prevent ongoing or imminent crime. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Here, Officer Sanchez "observe[d] unusual conduct which [led] him reasonably to conclude in light of his experience that criminal activity may [have] be[en] afoot . . . ." *Id.*

The district court also correctly determined that Steel's detention was a valid investigatory stop under *Terry*, not an unlawful arrest. Whether an unlawful arrest occurs depends on whether the use of force in detaining the suspect was justified under the totality of the circumstances, weighing the intrusiveness of the stop against the justification for using such tactics. *United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001). In applying this test, the court considers "the aggressiveness of the methods used by police and the degree to which the suspect's liberty was restricted," and "whether the officer had sufficient basis to fear for his or her safety warranting a more intrusive action." *United States v. Rousseau*, 257

2

F.3d 925, 929 (9th Cir. 2001).  Here, Sanchez's use of force in stopping Steel and handcuffing him was justified given Sanchez's reasonable safety concerns.  Steel did not cooperate with Sanchez's repeated commands to stop, did not comply with Sanchez's order to put his hands behind his back, and made a movement with his right elbow towards his right side — a gesture which made Sanchez concerned that Steel was either carrying a firearm or attempting to discard contraband.

**AFFIRMED**.